**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**CRIMINAL ACTION NO. 5:19-CR-00037-DCR-MAS**

**UNITED STATES OF AMERICA**                                                                 **PLAINTIFF**

**V.**          **UNITED STATES' SENTENCING MEMORANDUM**

**JAMES E. WOOSLEY**                                                                                **DEFENDANT**

\* \* \* \* \*

James E. Woosley pled guilty on May 10, 2019, to one count of Using a Minor to Engage in Sexually Explicit Conduct for the Purpose of Producing a Visual Image of that Conduct (Sexual Exploitation of Children), in violation of 18 U.S.C. § 2251(a).  The United States agreed to move the Court to dismiss the remaining counts of the Indictment at the sentencing hearing, which charged an additional count of violating 18 U.S.C. § 2251(a),  two counts of Knowingly Receiving Visual Depictions Involving the Use of a Minor Engaging in Sexually Explicit Conduct and such Visual Depictions were of such Conduct (often referred to as child pornography), in violation of 18 U.S.C. § 2252(a)(2), and one count each of Knowingly Distributing and Knowingly Possessing such Visual Depictions, in violation of 18 U.S.C. § § 2252(a)(2) and 2252(a)(4)(B).  The Defendant also admitted to the forfeiture allegation of the indictment.

The Defendant has not filed any objections to the guidelines or Criminal History calculations contained in the Presentence Investigation Report (PSR) prepared by the

United States Probation Office. The United States has not filed any objections to the PSR.

The Probation Office determined that the Defendant's final total offense level was 43, which, coupled with a Criminal History Category of I, results in a guidelines range of life imprisonment. (PSR ¶ 122). Since the statutory maximum for a violation of 18 U.S.C. § 2251(a) is thirty (30) years, the guideline term of imprisonment is 360 months, pursuant to U.S.S.G. § 5G1.1(a). (*Id.* at ¶ 121).

The Defendant also faces the mandatory special assessment of $100.00, per 18 U.S.C. §3013(a)(2)(A), for the single count of the indictment to which he pled guilty. Additionally, the Defendant faces the mandatory special assessment of $5,000.00, per 18 U.S.C. §3014(a)(3), for any offenses which occurred after May 29, 2015, if the Court determines him to be non-indigent. The offense to which the Defendant pled guilty occurred on May 22, 2018; hence, he is subject to the additional mandatory special assessment of $5,000.00, unless the Court determines he is indigent.

## 18 U.S.C. § 3553 AND THE APPROPRIATE SENTENCE

A substantial sentence is necessary "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Producing, receiving, and possessing child pornography are not victimless crimes; instead they repeatedly expose each child victim to shame and humiliation. *See, e.g.*, *New York v. Ferber*, 458 U.S. 747, n.10 (1982) ("Because the child's actions are reduced to a recording, the pornography may haunt him in future

years, long after the original misdeed took place.  A child who has posed for a camera must go through life knowing that the recording is circulating within the mass distribution system for child pornography.")  *See also United States v. Miller*, 665 F.3d 114, 121 (5th Cir. 2011) ("And as long as there is a demand [for] images of child pornography, there is going to be an unending stream of child abuse of children who are forced into these roles.")  Moreover, traders of child pornography often form a community normalizing, teaching, and encouraging others interested in sexually molesting children.

A substantial sentence is also needed "to afford adequate deterrence to criminal conduct."  18 U.S.C. § 3553(a)(2)(B).  A guideline sentence of imprisonment for 360 months would be a clear warning to others considering similar conduct.  "General deterrence is crucial in the child pornography context."  *United States v. Camiscione*, 591 F.3d 823, 834 (6th Cir. 2010).  *See also United States v. Bistline*, 665 F.3d 758, 767 (6th Cir. 2012) (reversing the district court for neglecting the importance of deterrence in a sentencing for possession of child pornography); *Ferber*, 458 U.S. at 760 ("The most expeditious if not the only practical method of law enforcement may be to dry up the market for this material by imposing severe criminal penalties on persons . . . promoting the product.").

Producers, traders and collectors of child pornography may have a compulsion for this material, but they are still deterred by law enforcement.  Learning of Woosley's substantial sentence will perhaps reduce the abuse of children by others in this district

who would consider producing, receiving, possessing and trading such material. *See, e.g.*, *Widmer*, 511 F. App'x at 511-12 ("sentence was necessary to send a signal to would-be offenders that receipt of child pornography carries significant consequences").

Another reason a substantial sentence is needed is "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C). Many child pornography victims state that the thought of men continually viewing pornographic images of them as children "for their own sick sexual desires" is what causes their continuing emotional distress as they enter adulthood.

18 U.S.C. § 3553(a)(6) notes, as another factor for district courts to consider, "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Although the undersigned Assistant United States Attorney recognizes that this requirement to "avoid unwarranted sentence disparities" is intended to encompass nationwide sentences, it may be instructive to consider other such cases sentenced within the Eastern District of Kentucky (EDKY). The following list does not compare the sentences imposed in all cases of producing child pornography within the EDKY; however, it is a compilation of the cases prosecuted by the undersigned for production of child pornography in violation of 18 U.S.C. § 2251(a) since 2013:

1. *U.S. v. Luis Antonio Caballero*, 14-CR-066-KKC, sentenced to **360 months of imprisonment,** to be followed by a life term of supervised release. Caballero had a previous "hands-on" conviction. His guidelines range was 300 to 365 months. (Guilty plea to single count).

4

2. *U.S. v. Mark Andrew Morris*, 15-CR-004-SS-JMH, **sentenced to 360 months of imprisonment,** to be followed by a life term of supervised release. (Convicted by a jury of two counts of 18 U.S.C. § 2251(a), 240 months on each of two counts of distribution and one count of receipt, and 120 months on one count of possession, concurrently, for **a total sentence of 360 months of imprisonment).** His guidelines range was 1,560 months**.** (jury trial).

3. *U.S. v. Cody Lee Herman*, 15-CR-065-KKC, sentenced to **300 months of imprisonment,** to be followed by a 30-year term of supervised release. His guidelines range was 360 months. (Guilty plea to single count).

4. *U.S. v. Joseph David Martin,* 15-CR-011-GFVT, **sentenced to 360 months of imprisonment**, to be followed by a life term of supervised release. (Convicted by a jury of one count of 18 U.S.C. § 2251(a), 240 months on one count of receipt, and 120 months on one count of possession. Counts 1 and 2 were run concurrently, and count 3 was run consecutively, for a **total sentence of 480 months of imprisonment).** His guidelines ranges were 360 months on Count 1, 240 months on Count 2, and 120 months on Count 3. (jury trial).

5. *U.S. v. Corey Lane Snapp*, 15-CR-074-DCR, sentenced to **215 months of imprisonment,** to be followed by a life term of supervised release. His guidelines range was 210-262 months. (Guilty plea to single count).

6. *U.S. v. Melissa A. Torres*, 15-CR-015-GFVT, sentenced to **300 months of imprisonment**, to be followed by a life term of supervised release. Her guidelines range was 360 months. (Guilty plea to single count).

7. *U.S. v. Michael Steven Rose,* 16-CR-001-DLB, sentenced to **420 months of imprisonment,** to be followed by a life term of supervised release. Rose had a previous "hands-on" conviction. His guidelines range was 360 months to life imprisonment. (Guilty plea to single count; binding plea agreement pursuant to F. R. Cr. Proc. 11(c)(1)(C)).

8. *U.S. v Ryan Patrick Cooper,* 16-CR-001-DCR, **sentenced to 360 months of imprisonment,** to be followed by a life term of supervised release. (Convicted by a jury of one count of 18 U.S.C. § 2251(a), and 240 months on one count of distribution, run concurrently, for a **total sentence of 360 months of imprisonment**). His guidelines range was life imprisonment, but he was capped at 360 and 240 months. (jury trial).

5

9. *U.S. v Willie Ray Hubbard, Jr.,* 16-CR-061-KKC, sentenced to **240 months of imprisonment**, to be followed by a life term of supervised release. His guidelines range was 210 to 262 months. (Guilty plea to single count).

10. *U.S. v Steven Michael Smith,* 17-CR-023-JMH, sentenced to **240 months of imprisonment**, to be followed by a life term of supervised release. His guidelines range was 360 months to life imprisonment. (Guilty plea to single count).

11. *U.S. v Matthew Craig Fosson,* 17-CR-001-GFVT, sentenced to **276 months of imprisonment**, to be followed by a life term of supervised release. His guidelines range was life imprisonment, capped at 360 months. (Guilty plea to single count).

12. *U.S. v. Jordan Combs*, 17-CR-031-S-KKC, **sentenced to 360 months of imprisonment,** to be followed by a life term of supervised release. (Convicted by a jury of four counts of 18 U.S.C. § 2251(a), 240 months on each of five counts of distribution and ten counts of receipt, and 120 months on one count of possession, concurrently, for **a total sentence of 360 months of imprisonment).** $3,000.00 in restitution was also ordered. His guidelines range was life imprisonment. (jury trial).

13. *U.S. v. Richard Eugene Derringer*, 19-CR-056-S-DCR, **sentenced to 360 months of imprisonment,** on each of two counts, 240 months on one count of possession of child pornography, and 240 months on one count of distribution of methamphetamine, run consecutively, for a total sentence of 1200 months (100 years), to be followed by a life term of supervised release. (Convicted by a jury of four counts of a five count indictment). His guidelines range was life imprisonment. (jury trial).

Each of the above cases resolved by a guilty plea were pleas to a single count of production with the dismissal of all remaining counts. The defendants in those cases resolved by a trial, except Richard Derringer, were convicted by a jury of all counts contained in their indictments.

18 U.S.C. § 3553(a)(7) contains the final factor courts are to consider when

6

imposing sentence: "the need to provide restitution to any victims of the offense." 18 U.S.C. § 2259(a) and (b)(4) makes the entry of an order of restitution mandatory in any case involving an offense contained in chapter 110, which includes the offense of which the Defendant has been convicted.

The United States Attorney's Office (USAO) only recently realized that the Child Identification Report (CIR), which is necessary for notification to victims, had already been received within the USAO. Notification to those victims who have requested such was effectuated on January 2, 2020. A few requests for restitution have been received by the USAO as of the filing of this Sentencing Memorandum. It has been the undersigned's practice to request counsel for the Defendant and counsel for those identified Victims who have requested restitution to attempt to negotiate an amount of restitution. Because of the late notification to counsel for the identified Victims, there has not been sufficient time for counsel for those victims who have requested restitution and counsel for the Defendant to confer in order to reach any agreement. The United States hereby requests an additional ninety days within which to resolve the matter of restitution, pursuant to 18 U.S.C. § 3664(5). The United States respectfully requests the Court to permit this sentencing memorandum to be the equivalent of the notice required by 18 U.S.C. § 3664(5).

## **CONCLUSION**

The United States respectfully requests the Court to impose a sentence of 360 months imprisonment. The United States also requests the Court to impose a substantial

term of supervised release, and to enter an Order of Forfeiture regarding all of the items contained in the Forfeiture Allegation of the indictment. Such a sentence will be sufficient, but not greater than necessary, to comply with the purposes contained in 18 U.S.C. § 3553(a)(2).

          Respectfully submitted,

          ROBERT M. DUNCAN, JR.
          UNITED STATES ATTORNEY

By:   s/ David A. Marye
       Assistant United States Attorney
       260 W. Vine Street
       Lexington, Kentucky 40507-1612
       (859) 685-4873
       David.Marye@usdoj.gov

## CERTIFICATE OF SERVICE

On January 7, 2020, I electronically filed this document through the ECF system, which will send the notice of electronic filing to:

    James M. Inman, Esq.
    *Attorney for James E. Woosley*

Furthermore, I emailed a copy of this document to U.S. Probation Officer John D'Alessandro.

          s/ David A. Marye
          Assistant United States Attorney