UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 5:19-37-DCR-CJS |
| ) | Civil Action No. 5:22-126-DCR-CJS |
| v. ) | |
| ) | |
| JAMES E. WOOSLEY, ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant James E. Woosley's Response to the Court's Show Cause Order. (*See* R. 73). Woosley has filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (R. 69). Pursuant to local practice, this matter has been referred to the undersigned for preliminary review under Rule 4 of the Rules Governing Section 2255 Cases in the United States District Court and for preparation of a report and recommendation under 28 U.S.C. § 636(b).[1] After conducting a preliminary review of Woosley's § 2255 Motion and reviewing Woosley's response to the Show Cause Order (R. 72), it will be recommended that the § 2255 Motion be denied as untimely.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On February 14, 2019, the federal grand jury at Lexington returned an indictment charging Woosley with six counts relating to child pornography. (*See* R. 1 at Page ID 1–3). On May 8,

---

[1] Under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must promptly examine any § 2255 motion upon its filing. Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 4(b). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." *Id*.

2019, Woosley moved for rearraignment (R. 12), and on May 10, 2019, he pleaded guilty in accordance with a plea agreement (R. 15) to Count 2 of the Indictment, production of child pornography in violation of 18 U.S.C. § 2251(a). (*See* R. 14). The United States agreed to dismiss the remaining counts at the sentencing hearing. (*See* R. 15 at Page ID 34). On January 17, 2020, the Court sentenced Woosley to a term of imprisonment of 360 months. (*See* R. 41; R. 43). Woosley filed a timely Notice of Appeal to the Sixth Circuit Court of Appeals on January 23, 2020. (*See* R. 44). On November 2, 2020, the Sixth Circuit affirmed the 360-month sentence, concluding that Woosley did not rebut the presumption of reasonableness of his within-guidelines sentence. (*See* R. 65 at Page ID 432). Woosley did not seek certiorari review in the United States Supreme Court.

On May 17, 2022, the Clerk of Court received and docketed Woosley's § 2255 Motion. (*See* R. 69). That § 2255 Motion, however, is signed and dated November 13, 2021. (*Id.* at Page ID 448). Woosley's mailing to the Clerk also contained a handwritten letter dated May 12, 2022, wherein Woosley states that "[t]he purpose of this attached correspondence is to provide a statement regarding equitable tolling." (R. 69-1 at Page ID 449). Woosley claims in the supplemental letter that he believes prison authorities tampered with his outgoing mail and "the document may have been seized by prison investigators and never properly forwarded in the U.S. Mail." (*Id.* at Page ID 450). The postmark on the envelope containing the § 2255 Motion form and Woosley's letter is May 13, 2022. (*See* R. 69-2). After receiving his filings, the Court issued a Show Cause Order as to why Woosley's § 2255 Motion should not be denied as time barred. (R. 72). Woosley's Response to that Order includes a personal affidavit signed by Woosley explaining that he submitted his affidavit to prison authorities on November 13, 2021, but "there have been numerous problems at this facility with prisoners receiving mail." (R. 73 at Page ID 471).

2

Woosley states that he had "no idea why the Court did not receive the mail that he sent in November 2021 whether it was lost, misplaced, and/or thrown out. The issues with mail during COVID-19 was even more troubling at this facility." (*Id.*). Woosley's Response was mailed by the United States Postal Service in a flat rate envelope, postmarked June 21, 2022. (*Id.*).

## II.     ANALYSIS

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), a one-year limitations period was enacted for a defendant to file a motion to vacate, set aside, or correct a sentence. This limitation period generally runs from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f). "[F]or federal criminal defendants who do not file a petition for certiorari with [the United States Supreme Court] on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." *Clay v. United States,* 537 U.S. 522, 532 (2003).

Under Supreme Court Rule 13(1), Woosley had 90 days after the November 2, 2020, denial of his appeal by the Sixth Circuit to file a petition for certiorari with the Supreme Court, which Woosley did not file. Therefore, his Judgment became final on January 31, 2021, when the 90-day period for seeking certiorari review expired. *See Clay*, 537 U.S. at 527. Woosley had one year from this date (i.e., until January 31, 2022) to timely file a motion under 28 U.S.C. § 2255. However, the Court did not receive a § 2255 motion from Woosley by January 31, 2022. Instead, the Clerk received a mailing from Woosley on May 17, 2022, containing a handwritten § 2255 motion form purportedly signed by Woosley on November 13, 2021 and a handwritten letter dated May 12, 2022, presenting an argument for equitable tolling. (R. 69-1 at Page ID 449).[2]

---

[2] During the COVID-19 pandemic, the Supreme Court extended the period to file a petition for certiorari from 90 to 150 days from a lower court judgment issued prior to July 19, 2021. Giving Woosley the benefit of this would mean his Judgment became final on April 1, 2021, and he therefore had until April 1, 2022 to file, which means his May 12, 2022 submission was still late.

3

After receiving Woosley's filing, the Court entered a Show Cause Order as to why this matter should not be dismissed as time barred. (See R. 72). Woosley's Response states that he complied with the requirements of the prison mailbox rule when he provided his § 2255 Motion to the prison mail room for filing on November 13, 2021. (R. 73 at Page ID 466). As it stands, Woosley's May 2022 filing of his § 2255 Motion will be time-barred unless the prison mailbox rule applies; i.e., unless it is considered filed on November 13, 2021, the date on which Woosley allegedly signed and provided his original § 2255 Motion to prison officials for mailing. If Woosley is not entitled to the benefit of the prison mailbox rule to render his § 2255 Motion filing timely, he must show that the deadline for him to file should be tolled for equitable reasons.

A.   **The Prison Mailbox Rule Does Not Apply**

Under the "prison mailbox rule" of *Houston v. Lack,* 487 U.S. 266, 270-72 (1988), a pleading is "filed" by a pro se prisoner when it is given to a prison official for mailing. Where a prisoner has "done all that could reasonably be expected to get the [document] to its destination" within the required time, it should be considered 'filed' when handed to a prison official for mailing. *Houston,* 487 U.S. at 270 (citation omitted); *Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999). The prison mailbox rule was codified with respect to § 2255 motions under Rule 3(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which states:

> A paper filed by an inmate confined in an institution is timely if it is deposited in the institution's internal mail system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

The prisoner bears the burden to show that he delivered his filing in compliance with the prison mailbox rule. *See Leavy v. Hutchison*, 952 F.3d 830, 832 (6th Cir. 2020).

4

As a threshold matter, "[t]he question of whether the prison mailbox rule is available when the court never receives an alleged filing appears unanswered in [the Sixth Circuit], and other circuits have reached differing results." *Redmond v. United States*, No. 4:09-cr-16-HSM-SKL, 2016 WL 9330497, at *5 (E.D. Tenn. Mar. 7, 2016). However, even assuming the prison mailbox rule applies under those circumstances, Woosley has failed to show that it applies here. Woosley asserts that he complied with Rule 3(d) when he "attested to the fact that he provided this document to the prison mail room for legal mailing/filing on November 13, 2021." (*See* R. 73 at Page ID 465). But his declaration under penalty of perjury sets forth only the date of signature, not the date of deposit required by Rule 3(d). (R. 69 at Page ID 448).[3] Nor does the declaration state that first-class postage has been prepaid. (*Id.*). And "[t]he postage requirement is important: [M]ail bearing a stamp gets going, but an unstamped document may linger." *Leavy*, 952 F.3d at 832 (quoting *United States v. Craig*, 368 F.3d 738, 740 (7th Cir. 2004)). In sum, Woosley has not made a showing that he is entitled to benefit from the prison mailbox rule under Rule 3(d) and, therefore, his § 2255 Motion should be denied as untimely filed.

B.  **Woosley is Not Entitled to Equitable Tolling**

Woosley's untimely § 2255 Motion may be excused if he shows that he is entitled to equitable tolling. AEDPA's one-year limitations period is subject to equitable tolling. *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Equitable tolling "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* (quoting *Roberts v. Simpson*, 624 F.3d 781, 783 (6th Cir.

---

[3] As of September 1, 2017, the publicly available § 2255 motion form (AO 243) includes in its declaration under penalty of perjury a statement that the motion was placed in the prison mailing system on a specified date.

5

2010)). To be entitled to equitable tolling, a § 2255 movant must show (1) "that he has been pursuing his rights diligently," and (2) "that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 560 U.S. at 649). But "[e]quitable tolling is granted sparingly and is evaluated on a case-by-case basis, with the [movant] retaining the 'ultimate burden of persuading the court that he or she is entitled to equitable tolling.'" *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 462 (6th Cir. 2012) (quoting *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011)).

Woosley asserts that equitable tolling should apply because the prison officials allegedly prevented the mailing of his original § 2255 motion, which he claims he completed and deposited in November 2021. (R. 69-1 at Page ID 449). Alternatively, Woosley suggests that equitable tolling should apply because his original § 2255 motion was "lost in the mail or somehow misplaced." (R. 73 at Page ID 466–67). In short, Woosley argues these occurrences are extraordinary circumstances that warrant equitable tolling.

Extraordinary circumstances may exist where a prison mailroom is at fault for the delay. *See Hakim v. Jones*, No. 3:13-cv-969, 2017 WL 4158672 (N.D. Ohio May 30, 2017), *report & recommendation adopted*, 2017 WL 4155360 (Sept. 18, 2017). But a defendant's bare or unsupported allegation of misconduct by prison officials is insufficient. *See Gresham v. Capello*, 489 F. App'x 930, 932–33 (6th Cir. 2012); *Redmond v. United States*, No. 4:09-cr-16-HSM-SKL, 2016 WL 9330497, at *5 (E.D. Tenn. Mar. 7, 2016); *Bane v. McKee*, No. 05-CV-70465-DT, 2005 WL 3501407, at *4 (E.D. Mich. Dec. 21, 2005). The Court in *Hakim* equitably tolled the limitations period because the defendant provided significant evidence in support of his claim that the prison mailroom prevented the mailing of his motion, including three affidavits corroborating specific events (one of which was submitted by a prison official) and a commissary financial

6

statement showing that he withdrew funds for filing on the day of original mailing. *Hakim*, 2017 WL 4155360, at *2.

The Court gave Woosley the opportunity to provide such evidence with the June 23, 2022 Show Cause Order. (R. 72). But other than his own statements, Woosley has not provided evidence that corroborates his assertions that he presented his § 2255 Motion for mailing in November 2021 and prison authorities either intentionally withheld it from the Postal Service, or the filing was lost in the mail. Additionally, Woosley's subsequent response to the Court's Show Cause Order was timely, indicating to the Court that he has been receiving mail from prison authorities. (R. 69-1 at Page ID 450; R. 73 at Page ID 466–67). Without sufficient corroboration, the delay of the mailing of the motion would not have been "solely attributable to the mail mishap," even if one occurred. *Castillo v. Dixon*, No. 20-60797-CIV-ALTMAN, 2022 WL 2651623, at *6 (S.D. Fla. July 8, 2022). Like *Hakim*, Woosley could have included statements from the mailroom facilitators or documents confirming he had submitted his Motion for mailing in November 2021. Instead, the Court has only unsupported allegations from Woosley that his mail has either been intercepted or lost. Therefore, Woosley has failed to show extraordinary circumstances warranting equitable tolling.

Moreover, even if Woosley's allegations demonstrated extraordinary circumstances, he has not shown that he has diligently pursued his rights. *Holland*, 560 U.S. at 649. The Sixth Circuit has found a showing of due diligence where a defendant took prompt steps regarding his § 2255 motion before, during, and after the extraordinary circumstances occurred. *See Solomon v. United States*, 467 F.3d 928 (6th Cir. 2006) (finding diligence where prisoner requested transcripts prior to prison transfer, kept in contact with the court during transfer, and filed a motion within one month of returning to original facility).

7

Assuming that Woosley's original motion was in fact delivered to prison officials on November 13, 2021, he has not explained why he failed to take any action when he did not receive a response from the Court. To the extent Woosley claims he was prevented from taking prompt action due to being held in the "Special Housing Unit (SHU)" of the prison (R. 69-1 at Page ID 449), "[c]ourts have consistently held that general allegations of placement in segregation and lack of access to legal materials are not exceptional circumstances warranting equitable tolling, especially where a petitioner does not sufficiently explain why the circumstances he describes prevented him from timely filing a habeas petition." *Andrews v. United States*, No. 17-1693, 2017 WL 6376401, at *2 (6th Cir. Dec. 12, 2017) (declining to find due diligence where defendant had eight months between the beginning of the limitations period and his placement in segregation to file a § 2255 Motion). Despite having the opportunity to provide more information to the Court, Woosley does not explain when he was in the SHU or how that impacted his ability to check the status of his alleged filing.

Waiting until May 2022, approximately six months after his alleged November 13, 2021, deposit of his § 2255 Motion and after his filing deadline had expired, to check with the Clerk on the status of the § 2255 Motion he claims to have deposited for mailing in November 2021 is not due diligence. This Court has found a defendant failed to show due diligence for purposes of equitable tolling where he did not correspond with the Court for three months. *See United States v. Barga*, No. 19-cr-45-DLB, 2022 WL 1690261, at *4 (E.D. Ky. May 26, 2022). Mailroom issue or not, waiting six months to check a motion's filing status is not diligently pursuing one's rights.

### III. EVIDENTIARY HEARING AND APPOINTMENT OF COUNSEL

In his § 2255 Motion, Woosley also requested an evidentiary hearing and the appointment of counsel. (*See* R. 69 at Page ID 448). Neither is appropriate here. The Court has determined

8

that Woosley's § 2255 Motion is untimely. Since the resolution on this ground is clear, the Court finds that an evidentiary hearing is unwarranted. *See Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) ("[E]videntiary hearings are not required when, as here, the record conclusively shows that petitioner is entitled to no relief.").

For the appointment of counsel, an attorney will only be appointed in limited circumstances in post-conviction collateral proceedings. The Criminal Justice Act governs the appointment of counsel in § 2255 proceedings. Section 3006A(a)(2)(B) states that "[w]henever the United States magistrate judge or the court determines that the interest of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section . . . 2255 of title 28." *See* 18 U.S.C. § 3006A(a)(2)(B). There is no constitutional right to counsel in post-conviction collateral proceedings. *See Post v. Bradshaw*, 422 F.3d 419, 425 (6th Cir. 2005) (citation omitted). Woosley has not shown that the interest of justice requires appointment of counsel, especially since the undersigned recommends that this matter be dismissed as time barred. In other words, appointing counsel does not change the legal analysis that Woosley's § 2255 Motion was untimely filed.

## IV. CERTIFICATE OF APPEALABILITY

Under Rule 11 of the Federal Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate may issue only if a defendant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court explained this requirement in *Slack v. McDaniel*, 529 U.S. 473 (2000) (addressing issuance of a certificate of appealability in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to § 2255 motions). Where a district court rejects a petitioner's

9

constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a certificate of appealability should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, reasonable jurists would not debate the denial of Woosley's § 2255 Motion or conclude that "the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Accordingly, it also will be recommended that a certificate of appealability be denied upon the entry of a final order in this matter.

## V. CONCLUSION AND RECOMMENDATIONS

In conclusion, **IT IS RECOMMENDED** that:

1) Woosley's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (R. 69) **be denied;**

2) a Certificate of Appealability **be denied** in conjunction with the Court's entry of a final order in this matter;

3) Judgment in favor of the United States **be entered** contemporaneously with the entry of a final order; and,

4) Woosley's related collateral civil proceeding **be dismissed and stricken** from the active docket.

Attention is directed to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (B) of the statute. *See also* Rule 8(b),

Rules Governing Section 2255 Proceedings for the United States District Courts. Within fourteen (14) days after being served with a copy of this Report and Recommendation, specific written objections to any or all findings or recommendations may be served and filed for determination, *de novo*, by the District Judge. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Judge and Sixth Circuit Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Signed this 18th day of November, 2022.



Signed By:
<u>Candace J. Smith</u>
United States Magistrate Judge

J:\DATA\habeas petitions\2255 prelim review\19-37-DCR Woosley R&R final.docx